UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-61626-CIV-SMITH/HUNT

E.N. YOSEF TRADE LTD.,

        Plaintiff,
v.

FORCEGET LOGISTICS, LLC, *et al.*

        Defendants.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendants' Motion to Dismiss, ECF No. 27, and Motion for Rule 11 Sanctions, ECF No. 30. The Honorable Rodney Smith, United States District Judge, referred these Motions to the undersigned for disposition. ECF Nos. 48 and 78; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motions, the Responses, the Replies, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and Motion for Sanctions be DENIED for the reasons outlined below.

    I.    Background

On September 1, 2024, Plaintiff filed its Complaint against Forceget Logistics, LLC, Burak Yolga, and Ayse Ustendag. ECF No. 1  On September 4, 2024, this Court ordered that Plaintiff amend its Complaint to sufficiently invoke this Court's diversity jurisdiction. ECF No. 4. On September 8, 2024, Plaintiff filed its Amended Complaint naming the same Defendants. ECF No. 5. On December 4, 2024, the Court, again sua sponte, ordered Plaintiff to file a second amended complaint, again raising the problem of

jurisdiction.  ECF No. 18.  Plaintiff filed the Second Amended Complaint on December 5, 2024.  Now before the Court is Defendants' Motion to Dismiss the Second Amended Complaint, as well as their Motion for Sanctions based on that Complaint.

II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678).  "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).  "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

III.    Discussion

This Court has previously noted that Plaintiff's initial Complaint did not list the citizenships of Defendant Forceget Logistics, LLC's members.  ECF No. 4.  Plaintiff tried again, ECF No. 5, but the Complaint still fell short, with the Court noting "that to properly

2

allege the citizenship of a limited liability company, Plaintiff was required to 'list the citizenship of all the members of the limited liability company,' not their place of residency." ECF No. 18 at *1 (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). The Court observed that the Amended Complaint did not mention the citizenship of each of the LLC's members, and reminded Plaintiff that "residency is not the same as citizenship." *Id.*

Plaintiff is now back for a third bite at the apple. In its Second Amended Complaint, Plaintiff alleges that it is a citizen of Israel for purposes of diversity jurisdiction. ECF No. 20 at 1. Plaintiff likewise alleges that Defendant Forceget Logistics, LLC, is a Florida limited liability company with two members, Burak Yolga and Ayse Ustundag. Plaintiff alleges that both Burak Yolga and Ayse Ustundag reside in and are domiciled in Florida and are thus citizens of the State of Florida. *Id.* Defendant now moves to dismiss the Second Amended Complaint, alleging deficiencies on both jurisdictional and merits grounds.

A. Jurisdiction

The undersigned must first address the jurisdictional issues, as "Federal courts are courts of limited jurisdiction." *Cordeiro v. Alves*, No. 16-23233-CIV-UNGARO, 2016 WL 9348372, at *1 (S.D. Fla. Dec. 9, 2016) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Indeed, "Federal courts must 'zealously [e]nsure that jurisdiction exists' in every case." *Wagendorp v. Araish*, No. 6:24-CV-2289-PGB-RMN, 2025 WL 50208, at *1 (M.D. Fla. Jan. 8, 2025) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)). Because Article III standing is a jurisdictional issue that cannot be waived, "every court has an independent duty to review standing as a basis for jurisdiction at any time,

for every case it adjudicates." *Cordeiro*, 2016 WL 9348372, at *1 (quoting *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999)).

And now, on its third attempt, Plaintiff's argument seems to be that both Yolga and Ustundag reside and are domiciled in Florida and are therefore citizens of Florida. But, as the Court has pointed out in its previous orders, residency is not the same as citizenship. At this stage, the Court is as clueless about the citizenship of Yolga and Ustundag as it was when it initially required Plaintiff to amend its complaint.

That there may be diversity issues due to the citizenship of the Parties is not idle speculation. Defendants note that Plaintiff has been put on notice through initial disclosures that at the very least Ayse Ustundag's domicile address is in Istanbul, Turkey, and later allege that Ustundag is, in fact, a Turkish citizen. Plaintiff may have attempted to cure the issue by dismissing Ustundag as a Defendant. ECF No. 53. However, this dismissal does not cure Plaintiff's jurisdictional issues, as the Court still does not know, despite numerous requests, the citizenship of Yolga, and Ustundag's dismissal could indicate that Ustundag – who is still a member of the LLC – may indeed be a foreign citizen.

The citizenship question is an important one, because Plaintiff brings this case under diversity jurisdiction. ECF No. 20 at *2. "Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant." *Wagendorp*, 2025 WL 50208, at *1 (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "For diversity purposes, a corporation is a citizen of any state or foreign state where it is incorporated as well as the place where it has its principal place of business." *Id.* (citing 28 U.S.C. § 1332(c)(1)). "Further, a limited liability company is a citizen of each

4

state in which a member of the company is a citizen." *Id.* (citing *Rolling Greens MHP,* 374 F.3d at 1022.

"[I]f an alien is a citizen of a foreign state, the fact that the person may be a resident of the United States is irrelevant unless the alien has received permanent residency status under the United States immigration law." *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 637 (E.D.N.Y. 2000) (quoting 15 Moore's Federal Practice § 102.74 at 142 (3d ed. 2000)).  If, for instance, "[a] plaintiff is domiciled in New York, her 'New York domicile does not affect this Court's subject matter jurisdiction' if plaintiff is, as she claims, a citizen of Trinidad and Tobago and not a U.S. citizen or 'lawfully admitted permanent resident alien.'" *John-Cedeno v. Kings Cnty. Hosp.*, No. 22-CV-7959 (RPK) (MMH), 2024 WL 3886580, at *4 (E.D.N.Y. Aug. 21, 2024) (quoting *Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y 2007)).

"[M]any courts have concluded that diversity jurisdiction does not exist 'when one party is an alien and the adverse party is a limited liability company or partnership that has both citizen and alien members.'" *Diplomat Golf Course, Venture, LLC v. Indian Harbor Ins. Co.*, No. 19-61275-CIV-COOKE, 2022 WL 3575345, at *2 (S.D. Fla. July 20, 2022) (quoting 14A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3661 & n.16 (4th ed. 2022) (collecting cases).  Given the defects noted above, Plaintiff has not yet adequately pleaded the Party's diversity.  In keeping with this Court's prior Orders, Plaintiff's Complaint should therefore be dismissed, and Plaintiff should be ordered to adequately plead each Parties' citizenship.[1]

---

[1] The undersigned acknowledges that Plaintiff suggests it could refile its complaint and plead federal question jurisdiction.  That claim is not before the Court, and the undersigned takes no position on it.

B. Additional Arguments

Although the case must be dismissed on jurisdictional grounds, it is potentially possible, as this Court has acknowledged, for Plaintiff to correct its errors. Therefore, the undersigned should address Defendants' allegation that Plaintiff's Complaint is an impermissible shotgun pleading, having lumped all Defendants together but failing to differentiate whether an act was committed by the individual Defendants – now Defendant – or Forceget itself. Although the Complaint does often lump all Defendants together as the "Forceget Parties," Plaintiff contends that it is a joint pleading against certain defendants in overlapping counts stemming from shared factual allegations and legal theories based on concerted conduct.

The undersigned agrees with Defendants that the Complaint, as it stands, falls short of the necessary specificity as to who did what to whom. Asserting multiple claims against the Defendants without identifying with specificity which of the Defendants are responsible for which act or omission is a hallmark of a shotgun pleading, and thus the Complaint could be dismissed on this ground. *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1333 (S.D. Fla. 2018). Additionally, in every count Plaintiff re-alleges and incorporate Paragraphs 1-27, despite the fact that Paragraphs 1-16 pertain primarily to jurisdiction and should not be incorporated into any of the counts. This too constitutes grounds for dismissal. *Id.*

Plaintiff's response, however, demonstrates that Plaintiff may indeed be able to plead its claims with the requisite specificity. Indeed, the response is far more detailed as to what, for instance, Defendant Yolga is alleged to have done. Should Plaintiff be allowed to amend its Complaint, it should incorporate such specificity into its allegations.

Such repleading would also address Defendants' particularity arguments as to Plaintiff's fraud claims.  It would likewise address Defendants' arguments under the Independent Tort Doctrine, as Plaintiff's reliance upon and incorporation of the same factual allegations as the breach of contract claims are problematic under that Doctrine. *See Fitzgerald v. McNae*, No. 22-22171-CIV-MARTINEZ/SANCHEZ, 2023 WL 8476590, at *2 (S.D. Fla. Oct. 30, 2023).  Plaintiff should also specify which, if any, of its claims are brought in the alternative.

C. Sanctions

Defendants also move this Court for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.  *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir.2001).

> The Eleventh Circuit has determined that three types of conduct warrant Rule 11 sanctions: when a party files a paper with no "reasonable factual basis" (Rule 11(b)(3)), files a paper based on a legal theory with "no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law" (Rule 11(b)(2)) or files a paper in "bad faith for an improper purpose" (Rule 11(b)(1)).

*Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, No. 10-61588-CIV-HUCK/BANDSTRA, 2011 WL 1526829, at *4 (S.D. Fla. Apr. 1, 2011), *report and recommendation adopted*, No. 10-61588-CIV-HUCK/BANDSTRA, 2011 WL 1532064 (S.D. Fla. Apr. 20, 2011).

The Court sees no reason at this juncture to award the strong medicine of Rule 11 sanctions, as Plaintiff's Complaint does not appear to fall into any of the forbidden categories.  It is neither objectively frivolous, nor is there obviously "no reasonable chance of success," and it does not appear to have been filed in bad faith.  Additionally, neither

7

Party appears to have taken the jurisdictional issue seriously, instead primarily benefiting from the Court's own observations and Orders.  Accordingly, absent more, Defendant's Motion for Sanctions should be denied.

IV.     Recommendation

Based on the foregoing, the undersigned RECOMMENDS that:

Defendants' Motion to Dismiss, ECF No. 27, be GRANTED to the extent that Plaintiff's Second Amended Complaint be DISMISSED, and Plaintiff be given leave to Amend.

Defendants' Motion for Rule 11 Sanctions, ECF No. 30, should be DENIED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers, at Fort Lauderdale, Florida, this 14th day of August 2025.

_____
**PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE**

Copies Furnished to:
Honorable Rodney Smith
All Counsel of Record