UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61626-CIV-SMITH/HUNT

E.N. YOSEF TRADE LTD.,

    Plaintiff,
vs.

FORCEGET LOGISTICS, LLC, *ET AL*,

    Defendants.
                                   /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 120], in which he recommends granting Defendants' Motion to Dismiss [DE 27] and denying Defendant's Motion for Rule 11 Sanctions [DE 30]. No objections have been failed.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3).

The Court, having considered Judge Hunt's Report, Defendant's objections thereto, and having conducted a *de novo* review of the record, agrees with Judge Hunt's well-reasoned analysis and his recommendation that the Defendants' Motion to Dismiss be granted and denying Defendant's Motion for Rule 11 Sanctions.

However, the Court modifies Judge Hunt's Report to the extent it recommends Plaintiff be provided leave to amend. Notably, the Second Amended Complaint [DE 20] is Plaintiff's third

attempt to allege the citizenship of the Defendant limited liability company. But as Judge Hunt points out "[a]t this stage, the Court is as clueless about the citizenship of Yolga and Ustundag as it was when it initially required Plaintiff to amend its complaint." [DE 120 at 4.] On numerous occasions, Plaintiff was instructed to file a complaint that adequately alleged the basis of jurisdiction and that failure to do so would result in dismissal of this action. (*See* DE 4, 18.) After three complaints, however, Plaintiff has still failed to adequately allege the basis of jurisdiction. Accordingly, this action is dismissed without further leave to amend. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). Furthermore, because the Court dismisses Plaintiff's Second Amended Complaint the Court declines to exercise supplemental jurisdiction over the Defendant Forceget Logistics, LLC's First Amended Third-Party Complaint [DE 80], which asserts claims for indemnification and equitable contribution. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.")

Accordingly, it is

**ORDERED** that:

1) The Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Reconsideration and to Reopen Case [DE 120] is **AFFIRMED and ADOPTED** in part.

2) Defendants' Motion to Dismiss [DE 27] is **GRANTED.**

3) Defendant's Motion for Rule 11 Sanctions [DE 30] is **DENIED**.

4) All pending motions are **DENIED AS MOOT**.

5) This case is closed.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 25th day of August, 2025.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record